1  LATHAM & WATKINS LLP
       William R. Pearson (SBN 240791)
2  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-6538
3  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
4
   LATHAM & WATKINS LLP
5      Jamie L. Wine (SBN 181373)
       John M. Falzone (admitted *pro hac vice*)
6  885 Third Avenue, Suite 1000
   New York, NY 10022
7  Telephone: (212) 906-1200
   Facsimile: (212) 751-4864
8
   Attorneys for Deutsche Bank Securities Inc.,
9  Deutsche Alt-A Securities, Inc. and DB Structured
   Products, Inc.
10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>   Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC., et al.,<br><br>   Defendants. | No. CV 10-3039-SC &<br>No. CV 10-3045-SC<br><br>**DECLARATION OF OWEN ROGOVITZ**<br>**IN OPPOSITION TO PLAINTIFF'S**<br>**MOTIONS TO REMAND** |
| FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT SUISSE SECURITIES (USA) LLC, et al.,<br><br>   Defendants. | |

I, Owen Rogovitz, hereby declare as follows:

1. I am a Contract Finance Associate employed by Deutsche Bank Securities Inc. ("DBSI"). I submit this declaration in opposition to Plaintiff's Motion to Remand.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. CV10-3039-SC &
No. CV 10-3045-SC

DECLARATION OF OWEN ROGOVITZ
IN OPPOSITION TO PLAINTIFF'S
MOTIONS TO REMAND

2. I have reviewed and am familiar with business records maintained by DBSI, Deutsche Alt-A Securities, Inc. ("Deutsche Alt-A"), and DB Structured Products, Inc. ("DBSP") related to the securitizations of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-AR2 ("DBALT 2007-AR2"), Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2005-5 ("DBALT 2005-5"), Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2005-6 ("DBALT 2005-6"), Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-2 ("DBALT 2007-2") (collectively, the "Trusts"), including records which identify the specific mortgage loans deposited into the Trusts.

3. Based on my review of those records, I have determined as follows:

  a. Approximately 1,148 loans deposited into DBALT 2007-AR2 as of the closing date on February 28, 2007 were purchased by DBSP from American Home Mortgage Corp. ("AHM"). At closing, those loans comprised approximately 38.68 percent of the loans, calculated as a percentage of the total unpaid principal balance of all loans, deposited into DBALT 2007-AR2.

  b. Approximately 81 loans deposited into DBALT 2007-AR2 as of the closing date on February 28, 2007 were purchased by DBSP from Alliance Bancorp ("Alliance"). At closing, those loans comprised approximately 3.29 percent of the loans, calculated as a percentage of the total unpaid principal balance of all loans, deposited into DBALT 2007-AR2.

  c. Approximately 1,323 loans deposited into DBALT 2005-6 as of the closing date on November 30, 2005 were purchased by Deutsche Alt-A from AHM. At closing, those loans comprised approximately 56.53 percent of the loans, calculated as a percentage of the total unpaid principal balance of all loans, deposited into DBALT 2005-6.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. CV10-3039-SC &
No. CV 10-3045-SC

2

DECLARATION OF OWEN ROGOVITZ
IN OPPOSITION TO PLAINTIFF'S
MOTIONS TO REMAND

d. Approximately 25 loans deposited into DBALT 2005-5 as of the closing date on October 28, 2005 were purchased by DBSP from Alliance. At closing, those loans comprised approximately 1.80 percent of the loans, calculated as a percentage of the total unpaid principal balance of all loans, deposited into DBALT 2005-5.

e. Approximately 37 loans deposited into DBALT 2007-2 as of the closing date on August 31, 2007 were purchased by DBSP from Alliance. At closing, those loans comprised approximately .66 percent of the loans, calculated as a percentage of the total unpaid principal balance of all loans, deposited into DBALT 2007-2.

4. The loans purchased from AHM were purchased pursuant to various letters and agreements, including: (i) a Master Mortgage Loan Purchase and Interim Servicing Agreement by and among American Home Mortgage Corp., American Home Mortgage Servicing, Inc., and DB Structured Products, Inc., dated November 1, 2005, and (ii) a Master Mortgage Loan Purchase and Interim Servicing Agreement by and between American Home Mortgage Corp., and Deutsche Alt-A Securities, Inc., dated November 30, 2005. True and correct copies of these agreements are attached as Exhibits 1 and 2. AHM's indemnification obligations to DBSP and Deutsche Alt-A are set forth in sections 7.03, 7.04, 12A.03 and 12A.04(i)(A) of Exhibit 1 and sections 6 and 7 of Exhibit 2, respectively.

5. The loans purchased from Alliance were purchased pursuant to various letters and agreements, including a Master Mortgage Loan Purchase and Interim Servicing Agreement by and between Alliance Bancorp and DB Structured Products, dated July 1, 2005. A true and correct copy of this agreement is attached as Exhibit 3. Alliance's indemnification obligations to DBSP are set forth in sections 7.02, 7.03 and 12(4) of Exhibit 3.

6. As described in the Prospectus Supplements for each offering, loans purchased by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. CV10-3039-SC &
No. CV 10-3045-SC

3

DECLARATION OF OWEN ROGOVITZ
IN OPPOSITION TO PLAINTIFF'S
MOTIONS TO REMAND

1  DBSP were subsequently transferred to Deutsche Alt-A, who, in turn, deposited the loans into
2  the Trusts. True and correct copies of the Mortgage Loan Purchase Agreements for each of the
3  Trusts are attached as Exhibits 4, 5, 6.
4     I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true
5  and correct to the best of my knowledge.
6  September 20, 2010 at New York, New York.
7
8
9                                               _____
10                                              Owen Rogovitz

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. CV10-3039-SC &
No. CV 10-3045-SC

4

DECLARATION OF OWEN ROGOVITZ
IN OPPOSITION TO PLAINTIFF'S
MOTIONS TO REMAND