SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
rstumpf@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

Of Counsel:
CRAVATH, SWAINE & MOORE LLP
RICHARD W. CLARY
rclary@cravath.com
MICHAEL T. REYNOLDS *admitted pro hac vice*
mreynolds@cravath.com
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Defendants
CREDIT SUISSE SECURITIES (USA), LLC
f/k/a CREDIT SUISSE FIRST BOSTON LLC
and CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEUTSCHE BANK SECURITIES, INC., et al.,<br><br>    Defendants.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>  vs.<br><br>CREDIT SUISSE SECURITIES (USA) LLC, et al.,<br><br>    Defendants. | NO. CV 10-3039-SC &<br>NO. CV 10-3045-SC<br><br>**DECLARATION OF BRUCE KAISERMAN IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND** |

I, Bruce Kaiserman, hereby declare as follows:

1. I am a Managing Director employed by Credit Suisse Securities (USA), LLC ("Credit Suisse"). I submit this declaration in opposition to Plaintiff's Motions to Remand.

2. I have reviewed and am familiar with business records maintained by Credit Suisse and Credit Suisse First Boston Mortgage Securities Corp. ("CSFB Mortgage") related to the following securitizations: INDX 2004-AR13; INDX 2007-AR21IP; INDX 2007-AR19; INDX 2007-AR5; INDX 2006-AR41; INDX 2006-AR33; and INDX 2006-R1.

3. Based on my review of those records, I have determined as follows:

 a. For securitization INDX 2004-AR13, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse (then operating under the name of Credit Suisse First Boston LLC), one of the underwriters of the certificates in the trust. In connection with its role as an underwriter, Credit Suisse entered into certain written agreements with IndyMac Bank F.S.B. and its subsidiary, IndyMac MBS, (together, "IndyMac") including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated November 23, 2004. True copies of those agreements are attached hereto as Exhibits 1 and 2. IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Section 1(b) of Exhibit 1; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 2.

 b. For securitization INDX 2007-AR21IP, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the trust. In connection with its role as an underwriter, Credit Suisse entered into certain written agreements

with IndyMac, including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated November 5, 2007. True copies of those agreements are attached hereto as Exhibits 3 and 4. IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 3; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 4.

      c.      For securitization INDX 2007-AR19, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the trust. In connection with its role as an underwriter, Credit Suisse entered into certain written agreements with IndyMac including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated July 30, 2007. True copies of those agreements are attached hereto as Exhibits 5 and 6. IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 5; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 6.

      d.      For securitization INDX 2007-AR5, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the trust. In connection with its role as an underwriter, Credit Suisse entered into certain written agreements with IndyMac including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated March 29, 2007. True copies of those agreements are attached hereto as Exhibits 7 and 8. IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set

forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 7; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 8.

      e.      For securitization INDX 2006-AR41, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the trust.  In connection with its role as an underwriter, Credit Suisse entered into certain written agreements with IndyMac including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated December 28, 2006.  True copies of those agreements are attached hereto as Exhibits 9 and 10.  IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 9; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 10.

      f.      For securitization INDX 2006-AR33, IndyMac Bank F.S.B. sold 100% of the mortgage loans in the collateral pool to the trust's depositor, IndyMac MBS, which sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the trust.  In connection with its role as an underwriter, Credit Suisse entered into certain written agreements with IndyMac including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated November 28, 2006.  True copies of those agreements are attached hereto as Exhibits 11 and 12.  IndyMac's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 11; IndyMac's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 12.

      g.      For securitization INDX 2006-R1, IndyMac MBS, as the depositor of the trust, sold certificates in the trust to Credit Suisse, one of the underwriters of the certificates in the

DECLARATION OF BRUCE KAISERMAN IN OPPOSITION TO PLAINTIFF'S MOTIONS TO REMAND

trust. In connection with its role as underwriter, Credit Suisse entered into certain written agreements with IndyMac MBS including, *inter alia*, an Underwriting Agreement and an Indemnification Agreement, both dated July 28, 2006. True copies of those agreements are attached hereto as Exhibits 13 and 14. IndyMac MBS's representations and warranties to Credit Suisse concerning the information and statements contained in the securitization's various offering documents are set forth in, *inter alia*, Sections 1(b) and (d) of Exhibit 13; IndyMac MBS's indemnification obligations to Credit Suisse are set forth in Sections 3.1(a) and 3.4 of Exhibit 14.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Dated this 24th day of September in New York, New York.

Bruce Kaiserman